IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RAYMUNDO MELENDEZ, | § | |
| TDCJ No. 1588511, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-11-CV-136-PRM |
| | § | |
| LIONEL GUTIERREZ, | § | |
| ROBERT ONTIVEROS, | § | |
| RAFAEL GARCIA, and | § | |
| JAIME ESPARZA, | § | |
|     Defendants. | § | |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Raymundo Melendez ("Melendez"), a state prisoner proceeding *pro se* and *in forma pauperis*, seeks redress through a civil rights complaint pursuant to 42 U.S.C. § 1983 [ECF No. 3]. In his complaint,[1] Melendez alleges that Defendant El Paso Police Officers Lionel Gutierrez ("Gutierrez") and Robert Ontiveros ("Ontiveros") initiated an illegal traffic stop and search which resulted in the discovery of over one kilogram of cocaine hidden under the floorboards of his car, committed an assault and battery upon him after they ordered him out of his vehicle, falsified the offense reports prepared after the incident, and gave perjured testimony at his trial.[2] He further claims that Defendant District Attorney Jaime Esparza ("Esparza") "maliciously and wrongfully" prosecuted him.[3] He also asserts that Defendant Public Defender

---

[1] Mindful of Melendez's *pro se* status, the Court has read his complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining a *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers).

[2] Pl.'s Compl. 3–5, 7.

[3] *Id.* at 6, 10.

Rafael Garcia ("Garcia") failed to "render professional services" and conspired with the police, the prosecutor, and the trial judge to deprive him of his due process rights.[4]

The Court referred this matter to the United States Magistrate Judge.[5] The Magistrate Judge screened[6] Melendez's complaint under 28 U.S.C. §§ 1915(e)(2)[7] and 1915A(b),[8] and recommended, in a report and recommendation [ECF No. 16], that the Court dismiss Melendez's complaint.

The Magistrate Judge reasons that "Melendez's state conviction [for possession of cocaine] has not been reversed, expunged, invalidated, or otherwise called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254."[9] Thus, his claims related to his conviction against Gutierrez and Ontiveros "implicate the favorable

---

[4] *Id.* at 9.

[5] *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2011) ('[A] judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court[ ] . . . of prisoner petitions . . .").

[6] *See* 28 U.S.C.A. § 1915A(a) ("Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

[7] *See* 28 U.S.C.A. § 1915(e)(2) (West 2011) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that— . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

[8] *See* 28 U.S.C.A. § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.").

[9] Report and Recommendation 9.

termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994)."[10]

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.[11]

Therefore, "these claims are *Heck*-barred and must be dismissed for failure to state a claim upon which relief may be granted."[12]

The Magistrate Judge further explains that "a freestanding § 1983 claim based solely on 'malicious prosecution' is not cognizable."[13] Moreover, "[t]he *sine qua non* of false prosecution under § 1983 is the favorable termination of the prosecution."[14] Accordingly, the Court should dismiss the malicious prosecution claim against Esparza.

---

[10] *Id.* at 8.

[11] *Id.* at 487.

[12] Report and Recommendation 10 (citing *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) ("When a claim comes within the parameters of the *Heck* teachings, it is not cognizable under 42 U.S.C. § 1983 until the plaintiff can show that the conviction 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'") (quoting *Heck*, 512 U.S. at 487)).

[13] *Id.* at 11 (citing *Castellano v. Fragazo*, 352 F.3d 939, 942 (5th Cir. 2003) ("We decide that 'malicious prosecution' standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law.")).

[14] *Id.* at 12 (citing *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991) ("[T]ermination of the underlying criminal proceeding in favor of the accused is an essential element of a § 1983 malicious prosecution claim.")).

The Magistrate Judge also explains that "a public defender does not 'act under color of state law in exercising [his] independent professional judgment in a criminal proceeding.'"[15] Further, the "complaint only makes bald allegations of conspiracy [and] . . . fails to state a claim upon which relief may be granted."[16] Thus, Melendez's ineffective assistance and conspiracy claims against Garcia also fail to state a claim upon which relief may be granted.[17]

Finally, the Magistrate Judge notes that Melendez advances state-law assault and battery claims against the arresting officers, Gutierrez and Ontiveros. However, "[b]ecause Melendez has failed to state any federal claims, the Court [should] decline[ ] to address his pendent state law claims."[18]

The Magistrate Judge gave Melendez fourteen days to file written objections to his proposed findings, conclusions, and recommendations.[19] A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[20] As to other portions of the report or when a party does not

---

[15] *Id.* at 13 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981)).

[16] *Id.* (citing *Ashcroft v. Iqbal*, -- U.S. --, --, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")).

[17] *Id.*

[18] *Id.* at 14 (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414, 425 (5th Cir. 2004) ("A district court may decline to exercise supplemental jurisdiction if it has dismissed all the claims over which it had original jurisdiction.")).

[19] *Id.* at 15. *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[20] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[21] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[22]

In his objections to the report [ECF No. 20], Melendez maintains that "Gutierrez committed a federal offense by tampering with a court document" before his trial "because the first police report stated [the] K-9 dog alerted to the driver['s] side of the car then [a] couples [sic] months later it chang[d] to [the] passenger['s] side of the car."[23] As the Magistrate Judge correctly explained in his report, Melendez's claim that Gutierrez and Ontiveros falsified the offense reports is *Heck*-barred.

Accordingly, after a de novo review, the Court finds that Melendez's objection is without merit. The Court further finds that the Magistrate Judge's remaining findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[24] Therefore, the Court enters the following orders:

1. The Court **OVERRULES** Plaintiff Raymundo Melendez's objections to the

---

made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[21] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[22] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[23] Pl.'s Obj. 1.

[24] *Wilson*, 864 F.2d at 1221.

Magistrate Judge's report and recommendation [ECF No. 20].

2.  The Court **ACCEPTS** the Magistrate Judge's report and recommendation [ECF No. 16].

3.  The Court **DISMISSES WITH PREJUDICE**, subject to their being asserted again if the *Heck* conditions are met, Plaintiff Raymundo Melendez's claims against Defendants Gutierrez and Ontiveros for allegedly conducting an illegal stop and search, falsifying police offense reports, and giving perjured testimony, for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[25]

4.  The Court **DISMISSES WITH PREJUDICE** Plaintiff Raymundo Melendez's claims against Defendants Esparza and Garcia for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5.  The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Raymundo Melendez's state-law claims against Defendants Gutierrez and Ontiveros for assault.

6.  The Court **ADVISES** Plaintiff Raymundo Melendez that this dismissal counts as a "STRIKE" pursuant to 28 U.S.C. § 1915.[26] The Clerk will therefore provide a copy of this

---

[25] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) ("Because these dismissals [under *Heck*] do not put a defendant to the task of preparing for trial unnecessarily, or inflict other undue prejudice, they do not preclude a later claim meeting the preconditions for suit. A preferred order of dismissal should read: Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met."); *accord, DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

[26] *See* 28 U.S.C. § 1915(g) (2011) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

Order to the District Clerk for the Eastern District of Texas, Tyler Division, Attention: Three Strikes Manager, 211 West Ferguson, Tyler, Texas 75702. *Should Melendez accumulate three strikes, he may be denied* in forma pauperis *status, and required to pay the full filing fee, when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.*[27]

7. The Court **DENIES** all pending motions as moot.

**SO ORDERED.**

**SIGNED** on this \_\_\_30\_\_\_ day of August, 2011.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[27] *See id.*